**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| TERELLE LEE MATHEWS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO.  4:04-CV-12-3 (CDL) |
| | * | 28 U.S.C. § 2254 |
| JAMES E. DONALD, | * | |
| Commissioner of the Georgia | * | |
| Department of Corrections, | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

On March 1, 2000, Petitioner Terelle Mathews, who is currently serving a sentence in the Coffee Correctional Facility, in Nichols, Georgia, pled guilty in the Taylor County Superior Court to two counts of aggravated assault upon a police officer, one count of kidnaping with bodily injury, two counts of armed robbery and escape.  Petitioner was sentenced to serve two concurrent twenty year sentences for the assault charges, three concurrent life sentences for the kidnaping and armed robbery charges and a ten year concurrent sentence for escape.

On February 3, 2001, Petitioner filed a state habeas petition in the Lowndes County Superior Court which was ultimately denied on September 2, 2003.  Petitioner then filed in the Georgia Supreme Court a certificate of probable cause to appeal which was denied on January 12, 2004.  The current petition was thereafter filed on January 27, 2004. Respondent filed his Answer-Response and Motion to Dismiss as untimely on April 26, 2004.

Respondent's Motion to Dismiss was denied on May 14, 2004.

## **Standard of Review**

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits

2

in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

**Petitioner's Claims**

Petitioner's application reveals that after pleading guilty, he did not file a direct appeal with Georgia Court of Appeals, thus making his conviction final. He then filed a state habeas petition months later. Petitioner's application for a federal writ of habeas corpus, which is currently before this court, cites ten grounds for relief.

**I.     Assistance of Counsel**

In **Ground One,** Petitioner alleges that he received ineffective assistance of trial counsel, thereby depriving him of "equal privileges and benefits of the law equal protection and immunities under the law and due process." (Petition, p. 5). Petitioner claims that his trial counsel failed to conduct a substantial investigation into the charges against him, failed to conduct pretrial discovery and basic legal research and failed to familiarize himself with the facts, law and evidence of the case. *Id.* In **Ground Three**, Petitioner alleges that his counsel failed to move for a continuance, to pursue an insanity defense, to obtain a competency hearing, or familiarize himself with his mental history. (Petition, p. 5). Then, in **Ground Eight**, the Petitioner contends that his counsel failed to look into his state of mind at the time he committed the crime. *Id*. at 8.

As stated above, this court has the authority to grant a writ of habeas corpus where an adjudication made by the state court was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. Where this court finds that a petitioner fails to show any improper determinations made by the state court, however, it

is without the authority to disturb the state court's findings.

In analyzing Petitioner's ineffective assistance of trial counsel claims as argued in his state habeas petition, the Lowndes County Superior Court utilized the standard in *Strickland v. Washington,* which held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In *Woodford v. Visciotti,* 537 U.S. 19, 24, 25, 123 S.Ct. 357, 360, 361 (2002) the United States Supreme Court held, "Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.  An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of trial counsel.  The record reveals that the Lowndes County Superior Court

found that the Petitioner did not satisfy either portion of the *Strickland* test. A review of that decision fails to show that it was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. Thus, it is recommended that Petitioner is not entitled to relief on Grounds One, Three or Eight.

## II.   Guilty Plea

In **Count Two** of his federal habeas petition, Petitioner claims that his Guilty plea was entered involuntarily and unknowingly. (Petition, p. 5). The Petitioner contends that the trial court erred in failing to "make a constitutional requirement on the record that it may be determined upon factual basis whether the elements of each charge were present" and further failed to ensure that he understood the nature of the charges against him. *Id*. In **Ground Seven,** the Petitioner again claims that his guilty plea was not knowingly or voluntarily given where the trial court inform him of the negotiated plea, failed to explain the possible maximum sentences on the charges and failed to explain relevant Superior Court Rules to him before he signed the plea. *Id.* at 7.

However, because the state habeas court reviewed these arguments and found that the guilty plea was entered both voluntarily and knowingly, the claim is not subject to review in this habeas corpus proceeding pursuant to the principles of res judicata. *See, Gunter v. Hickman*, 256 Ga. 315 (1), 348 S.E.2d 644 (1986). First, 18 U.S.C. §2254(e)(1) provides for a highly deferential standard of review for factual determinations made by a state court: "[A] determination of a factual issue made by a State court shall be presumed to be correct. The

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Crawford v. Head,* 311 F.3d 1288, 1295 (11th Cir. 2002); citing 28 U.S.C. §21 2254(e)(1).  Second, § 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only where that adjudication in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. citing 28 U.S.C. § 2254(d). Section 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court" by requiring satisfaction of one of two conditions for issuance of the writ. *Id*.  As the Supreme Court recently put it, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Crawford* at 1295-1296.

Therefore, this court lacks the authority to disturb the findings of the state habeas court and defers to its ruling that the Petitioner's guilty plea was both knowing and voluntary.

**III.    Violation of O.C.G.A. § 16-1-6**

In **Count 6,** the Petitioner alleges that the trial court violated his rights under

O.C.G.A. § 16-1-6 wherein the court convicted him of armed robbery without asserting that the robbery was "incidental and included crime of felony escape." (Petition, p. 7).   He further claims that if there was a kidnaping with bodily injury, then the charge of aggravated assault on a peace officer would have to merge with the kidnaping charge. *Id.*

The flaw in Petitioner's claim is that whether it was error for the trial court to fail to merge certain charged offenses is not a matter of federal law.  A review of the pleadings reflects  no constitutional claim involved in this issue.

In *Estelle v. McGuire,* the United States Supreme Court held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).  The Court further stated that "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 67; *see also* 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975).  Simply put, "federal habeas corpus relief does not lie for errors of state law." *Id.*   Such is the case here. Petitioner is, therefore, not entitled to relief as to Count Six of his petition.

**IV.   Remaining Claims**

In **Count Four,** the Petitioner claims that he was denied counsel "at arraignment where his defense was lost." (Petition, p. 6).  In **Count Five,** the Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated where the trial court failed to provide "a description of the charges in the indictment to define each criminal charge and know his

8

conduct to constitute each element of the charges." *Id.* at 7. In **Count Nine**, the Petitioner contends that his Fourteenth Amendment rights were violated where the trial court convicted him of a crime not supported by the state's evidence. *Id.* at 8. And, in **Count Ten,** Petitioner claims that his due process rights were violated where the indictment filed against him failed to provide him notice of the charges against him so that he could prepare an adequate defense. *Id.*

As stated above, the Petitioner pled guilty to the crimes charged and was sentenced accordingly. Subsequently, in his state habeas petition, Petitioner raised counts four, five, eight, nine and ten, identical to those same counts in the present petition, claiming constitution violations which occurred prior to the entry of his guilty plea. The United States Supreme Court, in ruling on issues raised by a petitioner as to constitutional deprivations which might have occurred prior to the entry of a guilty plea, held:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The *Tollett* court further held that with regard to such an attack, a petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the

9

standards set forth in *McMann*[1]*." Tollett* at 267. The Petitioner has not done so. Furthermore, in *Tiemens v. United States,* 724 F.2d 928, 929 (11th Cir.) (per curiam) the court held that "[A] guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process," *cert. denied,* 469 U.S. 837, 105 S.Ct. 134, 83 L.Ed.2d 74 (1984).

Thus, inasmuch as the remaining grounds involve issues which occurred prior to the entry of what has been determined to be a knowing and voluntary guilty plea, this court is unable to provide Petitioner habeas relief as to Counts Four, Five, Eight, Nine and Ten.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 6th day of July, 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe

---

[1]*McMann v. Richardson* held that where a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. at 1441, 1449 (1970).